No. 44,133

DOCTOR JOHN J. FOOTE, *Appellee*, v. THE COMMUNITY HOSPITAL OF BELOIT, KANSAS, a Corporation; and some twenty-five individuals, named as defendants as being the Board of Directors of the Community Hospital, Beloit, Kansas, *Appellants.*

(405 P. 2d 423)

Opinion filed September 9, 1965.

*Tweed W. Ross,* of Beloit, argued the cause, and was on the brief for the appellants.

*Frank C. Baldwin,* of Concordia, argued the cause, and *Clarence Paulsen, Dean L. Gibson,* and *William B. Buechel,* all of Concordia, were with him on the brief for the appellee.

*Lester M. Goodell, Marlin S. Casey, Ernest J. Rice, Murray F. Hardesty, Glenn D. Cogswell, Gerald L. Goodell, Wayne T. Stratton, Robert E. Edmonds, Arthur E. Palmer,* and *Thomas E. Wright,* all of Topeka, and *Kirke W. Dale* and *Donald Hickman,* both of Arkansas City, were on the brief *amici curiae* for the Kansas Hospital Association and the Kansas Medical Society.

The opinion of the court was delivered by

HARMAN, C.: Plaintiff, a doctor of medicine, brought this action in mandamus to compel his admittance as a surgeon on the medical

staff of defendant hospital. The parties stipulated as to the facts and each side moved for summary judgment. The trial court sustained plaintiff's motion and directed defendant to admit plaintiff forthwith to its medical staff, from which order defendant has appealed.

It appears that plaintiff, who is duly licensed to practice medicine and surgery in Kansas and whose educational and internship qualifications are not questioned, became a resident of Beloit in September, 1963, and immediately made application for membership as a surgeon on defendant's medical staff which application was rejected by defendant acting through its board of directors.

The defendant is a private non-profit hospital initially endowed by what is known as the Commonwealth Fund. It receives no support from taxation but is tax-exempt and it solicits funds from the general public for its operation and maintenance. Payment is required of all patients able to pay; welfare patients are admitted with payment made therefor by the municipality in which the patients reside. The defendant's agreement with the Commonwealth Fund requires that it be so operated "as to secure the approval of the American College of Surgeons for this class of hospital" and that "the governing body of the hospital must delegate the responsibility of the medical functions to the medical staff, including recommendations as to professional qualifications of all who practice in the hospital," with staff appointments to be made by the governing body. Defendant's by-laws pertinent to medical staff appointments provide as follows:

"ARTICLE III SECTION 4. PROCEDURE OF APPOINTMENT. Application for membership to the medical staff shall be presented in writing, on the prescribed form, which shall state the qualifications and references of the applicant and shall also signify his agreement to abide by the by-laws, rules and regulations of the Medical Staff. The application for membership on the medical staff shall be presented to the Administrator who shall transmit it to the secretary of the Medical Staff. At the first regular meeting thereafter, the secretary shall present the application to the Medical Staff, at which time it shall be either recommended for rejection or referred to the Credentials Committee. The Credentials Committee shall investigate the character, qualifications, and standing of the applicant and shall submit a report of findings at the next regular meeting of the medical staff or as soon thereafter as possible, recommending that the application be accepted, deferred, or rejected. In no case shall this report be delayed for more than three months. If the recommendation is for deferment or rejection, the reason shall be stated. When determining qualifications, the Credentials Committee shall also recommend privileges as provided in Article VI of these By-Laws. On receipt of

the report of the Credentials Committee, the medical staff shall immediately recommend to the governing body that the application be accepted, deferred, or rejected. And, if accepted, the privileges to be granted. The recommendation of the medical staff shall be transmitted to the governing body of the hospital through the Administrator. The governing body shall either accept the recommendation of the medical staff or shall refer it back for further consideration stating the reason for such action. When final action has been taken by the governing body, the Administrator of the hospital shall be authorized to transmit this decision to the candidate for membership and, if he is accepted, to secure his signed agreement to be governed by these by-laws, rules and regulations."

Plaintiff's application was referred by the hospital administrator to defendant's medical staff and its credentials committee which thereafter recommended to the executive committee of the board of directors that it be rejected. The executive committee consists of seven officers and members of the board of directors who manage defendant's business affairs during the interim between meetings of the board. The executive committee accepted the recommendation and in turn the full board of directors approved the action of the executive committee and rejected plaintiff's application. In so doing, the board acted solely upon the recommendation of the medical staff.

The statute pertinent to the licensing and regulation of hospitals in Kansas (K. S. A. 65-431) provides in part:

". . . boards of trustees or directors of institutions licensed pursuant to the provisions of this act shall have the right to select the professional staff members of such institutions . . . and no rules, regulations or standards of the licensing agency shall be valid which, if enforced, would interfere in such selection. . . ."

The board of directors of a hospital is thus given plenary power to select its professional staff and the state has expressed a policy not to interfere with that selection.

Plaintiff contends that by its by-law above quoted and by its action in this case defendant's governing body has unlawfully delegated and has abdicated ultimate control of appointments to its medical staff and that this constitutes an abuse of discretion.

We cannot agree. We think plaintiff attempts to place too narrow a construction on the by-law in question. The by-law does contemplate that the governing body, the board of directors, shall take into consideration the recommendation of the medical staff but we think it equally clear that the recommendation must be treated as advisory only and that final action on an application is to be taken by the

board of directors. This must be the certain import of the language used,

"*When final action has been taken by the governing body.* . . ." (Our italics.)

The power of the medical staff appears to be that of investigating and *recommending*, whereas the board has authority to take *final action*.

Moreover, in the instant case it is clear that the board of directors did in fact take the final action in the rejection of the application. The hospital appears to have followed its by-law and both the by-law and the board's action herein are reasonable and in harmony with the provisions of K. S. A. 65-431.

While the question is novel in Kansas, it has received much attention elsewhere. In 26 Am. Jur., Hospitals and Asylums, § 9, p. 592, the general rule is stated as follows:

"It seems to be the practically unanimous opinion that private hospitals have the right to exclude licensed physicians from the use of the hospital, and that such exclusion rests within the sound discretion of the managing authorities."

Cases in support of this general rule may be found at the annotation in 24 A. L. R. 2d 850, *et seq.*, and a more recent case extensively reviewing later authorities to the same effect is *Shulman v. Washington Hospital Center*, 222 F. Supp. 59 (D. C. D. C., 1963).

Necessarily, in so important a matter as selection of members of a surgical staff, there are the soundest of reasons for a lay hospital board to seek and follow competent professional advice of a known character and quality. The only claim of abuse of discretion or arbitrary action made against the board being that it acted solely upon the recommendation of its medical staff, and there being no material fact issue, mandamus will not lie to control the action of the board and the order of the trial court in sustaining plaintiff's motion for summary judgment was clearly erroneous. That order is reversed with directions to sustain defendant's motion for summary judgment.

APPROVED BY THE COURT.