## Richard H. Woodard
### v.
## Porter Hospital, Inc., and
## Medical Staff of Porter Hospital, Inc.

[217 A.2d 37]

December Term, 1965

Present: Holden, C. J., Shangraw, Barney and Keyser, JJ.

Opinion Filed February 1, 1966

420

*Peter Forbes Langrock* for plaintiff.

*Myron Samuelson* and *Samuel S. Bloomberg* for defendants.

**Shangraw, J.** This case was before this Court on another occasion and is reported in *Woodward* v. *Porter Hospital, Inc. et al.,* 125 Vt. 264, 214 A.2d 67. Plaintiff, a physician, brought this action in the Court of Chancery, Addison County, in the form of a bill of complaint, seeking an order to reinstate him to the Medical Staff of Porter Hospital, Inc., Petitioner also sought an injunction restraining the Board of Trustees of Porter Hospital, Inc., from dismissing him from the active medical staff of the hospital.

Each defendant filed a motion to dismiss on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The motions were denied, and the defendants appealed without having first obtained permission of the Chancellor as required under the provisions of 12 V.S.A. §2386. This Court dismissed the appeals for lack of jurisdiction.

The defendants have since complied with the foregoing statute. Following are the questions of law certified by the Chancellor to this Court for review.

"(1)  Whether or not the Court of Chancery erred in denying the Defendants' Motions to Dismiss.

"(2)  Whether or not the Order dated December 9, 1964, was appropriate under the jurisdiction of the Court of Chancery, if such jurisdiction existed."

Porter Hospital, Inc., is a domestic corporation and maintains a general hospital at Middlebury, Vermont. The legal residents of the County of Addison and of the town of Brandon, who have reached the age of twenty-one years are members of the corporation. The property of the hospital is exempt from taxation by the State of Vermont and all municipal subdivisions thereof. It receives tax monies from many towns in Addison County for its support. It has also received funds from the United States of America through the so-called Hill-Burton Act.

The defendant, Medical Staff of Porter Hospital, Inc., is an unincorporated association composed of all physicians and dentists practicing at Porter Hospital, Inc.

For a number of years prior to January 18, 1962, plaintiff held Class B surgical privileges at the Porter Hospital, Inc. This privilege was later reduced to Class C surgical privileges, and effective February 26, 1963, he was then dismissed from the staff for failure to comply with the rules and regulations of the Medical Staff. Later, plaintiff filed a new application for admission to the Medical Staff which was rejected by the trustees of the hospital.

Whether or not the complaint can successfully withstand the challenge presented by the motions to dismiss, calls for a scrutiny of the following averments in the complaint. Plaintiff alleges that his dismissal from the active medical staff "was not done for any sound medical reasons or reasons of lack of medical skill or diligence on his part"; that the reasons for his dismissal "were personal reasons and personal prejudices and were not based on the competence of said DOCTOR RICHARD H. WOODARD or his willingness or ability to serve the general public as a practitioner of general medicine, or made in the best interest of Porter Hospital, Inc."; that the plaintiff "at all times while a member of the staff of the hospital maintained by PORTER HOSPITAL, INC. has been an active member of the staff, has attended virtually all staff meetings, and has conscientiously followed the rules and by-laws of the hospital as written and as interpreted by the Chief of Staff."; that the Board of Trustees "have in fact, if not in form, delegated the selection of the MEDICAL STAFF of the hospital maintained by PORTER HOSPITAL, INC. improperly to the MEDICAL STAFF OF PORTER HOSPITAL, INC."; and that his "dismissal from, and the subsequent denials of admission to the active staff of the hospital maintained by PORTER HOSPITAL, INC., have all been without proper cause and are in violation of rights of DOCTOR RICHARD H. WOODARD."

Plaintiff further alleges that at all meetings relating to his surgical classifications, his rejection of surgical privileges, Class B, as well as Class C, and finally his denial of admission to the Medical Staff of the hospital, were all conducted without a hearing being afforded him. Other allegations are contained in the complaint, not material to the issues presented by the motions to dismiss.

By reason of county and federal aid furnished the hospital, its tax exemption, and the extent of the territory which it serves, it is the view of the plaintiff that the hospital is a public, or at least a quasi-municipal corporation, imbedded with public responsibilities and public interest, and that the acts of its officers are subject to judicial review. On the contrary, the defendants claim that the hospital is

a private institution and for this reason immune from judicial disturbance in passing upon the dismissal or admission of Dr. Woodard to its medical staff.

It is the generally accepted view that a public hospital is an instrumentality of the state, founded and owned in the public interest, supported by public funds, and governed by those deriving their authority from the state. A private hospital is founded and maintained by private persons or a corporation, a state or municipality having no voice in the management or control of its property or the formation of rules for its government. *Edson* v. *Griffin Hospital,* 21 Conn. Sup. 55, 144 A.2d 341; *Levin* v. *Sinai Hospital of Baltimore City,* 185 Md. 174, 46 A.2d 298; 41 C. J. S. Hospitals § 1, p. 332. The fact that the hospital received aid from Addison County and funds from the United States of America does not make it an instrumentality of the government for the administration of public duties. *Edson* v. *Griffin Hospital,* supra. The powers and duties of officers of a public institution are regulated by statute or municipal ordinance. Those of a private corporation are regulated by its charter, constitution and by-laws. *Levin* v. *Sinai Hospital of Baltimore City,* supra.

The complaint alleges that the Porter Hospital, Inc. is a corporation organized and existing under the laws of the State of Vermont, and maintains a general hospital at Middlebury, Vermont. Its governing body is elected by the members of the corporation, and do not derive their authority from the state, as such. It is assumed, for the purpose of this opinion, that Porter Hospital, Inc. is a private hospital and that its powers, and duties of the officers thereof, are regulated by its charter and by-laws.

In passing on the merits of the Chancellor's action in denying the motions to dismiss, we first reach the question as to whether a private hospital has authority to exclude, in its sound discretion, members of the medical profession from practising in the hospital.

While the question at issue is novel in this state, it has received much attention elsewhere. In 26 Am. Jur. Hospitals and Asylums, §9, p. 592, the general rule is stated as follows:

> "It seems to be the practically unanimous opinion that private hospitals have the right to exclude licensed physicians from the use of the hospital, and that such exclusion rest within the sound discretion of the managing authorities."

Cases in support of this general rule may be found at the annotation in 24 A.L.R. 2d. 850, et seq., and a more recent case extensively re-

viewing later authorities to the same effect in *Shulman* v. *Washington Hospital Center*, 222 F. Supp. 59 (D.C.D.C. 1963). See, *Foot* v.*Community Hospital of Beloit*, 195 Kan. 385 405 P. 2d 423.

■ Generally, a court of equity will not interfere with the internal management of a hospital but will leave questions of policy and management solely to the honest decisions of the officers. *Edson* v. *Griffin Hospital*, supra. A private hospital has the right to exclude any physician practicing therein, within the sound discretion of the managing authorities. *Levin* v. *Sinai Hospital of Baltimore City*, supra; *Edson* v. *Griffin Hospital*, supra.

In the case of *Greisman* v. *Newcomb Hospital*, 40 N.J. 389, 192 A. 2d 817, the court was called upon to pass judgment on the validity of a by-law requirement, but not required to pass on a discretionary exercise of judgement on a requested staff admission. Even though the court held that the defendant was a private hospital, notwithstanding its monopolistic aspects, tax benefits, and receipt of funds from public sources, the opinion goes on to state:

> "Hospital officials are properly vested with large measures of managing discretion and to the extent that they exert their efforts toward the elevation of hospital standards and higher medical care, they will receive broad judicial support. But they must never lose sight of the fact that the hospitals are operated not for private ends but for the benefit of the public, and that their existence is for the purpose of faithfully furnishing facilities to the members of the medical profession in aid of their service to the public. They must recognize that their powers, particularly those relating to the selection of staff members, are powers in trust which are always to be dealt with as such."

■ It appears from the foregoing, and we so hold, that the authorities of a private hospital are vested with broad discretionary powers in the selection of its medical and surgical staffs. If the exclusion therefrom is based on a sound and reasonable exercise of discretionary judgment the courts will not intervene. On the contrary, if it stems from unreasonable, arbitrary, capricious or discriminatory considerations, relief will be available in the courts of equity. As stated in the Greisman case, supra, "those powers are deeply imbedded in public aspects, and are rightly viewed. . .as fiduciary powers to be exercised reasonably and for the public good."

The essence of the plaintiff's averments is to the effect that the trustees acted arbitrarily and capriciously in dealing with his case,

424

and that his exclusion from the medical staff was prompted by unreasonable and invalid reasons. Resolving the question of whether the complaint states a cause of action, the defendant's motion constitutes an admission of the material facts alleged. *Price* v. *Rowell*, 121 Vt. 393, 395, 159 A. 2d 622; *Theberge* v. *Canadian Pacific Railway*, 119 Vt. 193, 197, 122 A. 2d 848; *Kaeser* v. *Town of Starksboro*, 116 Vt., 389, 391, 77 A. 2d 831. The motions to dismiss were properly denied.

Plaintiff also asserts that he was denied a hearing before the trustees of the hospital. What, if anything on this subject is contained in the charter and by-laws of the defendant, Porter Hospital, Inc., or the by-laws, and rules and regulations of the defendant, Medical Staff of Porter Hospital, Inc. does not appear in the complaint. In any event, in view of this Court's affirmance of the Chancellor's denial of the motions to dismiss, a discussion of this particular issue is unnecessary at this time.

The order issued by the Chancellor requiring that the plaintiff be supplied with a specification of the grounds on which he was suspended, and also providing for a hearing thereon, is premature at this stage of the controversy and must be reversed and vacated.

*The order denying the motions to dismiss is affirmed. The Chancellor's order dated December 9, 1964, directing that plaintiff be supplied a specification of the grounds on which the plaintiff has been suspended, and that a hearing be held thereon, is reversed and vacated.*

Justice Smith participated in the decision relating to certification, *Woodard* v. *Porter Hospital, Inc.*, et al, 125 Vt. 264, 214 A. 2d 67, but did not thereafter take part.