Charles M. Hughes, J.
The plaintiff was born and educated in G-ermany and completed her medical education there. Shortly after the completion of her medical education, she came to the United States of America, where she was ultimately admitted to practice her profession in the State of New York. Her first connections with her profession were in New York City, and in time she left there and took up the practice of her profession in the Village of Malone, New York.
The Alice Hyde Memorial Hospital is a nonprofit, private, voluntary institution which has solicited contributions and has also been the recipient of public funds. This hospital was incorporated in pursuance of the laws of the State of New York and is governed and controlled by its Board of Directors.
The defendants Monroe M. Kissane and Carl P. Sherwin, Jr., are physicians practicing in Malone, New York, and were members of the medical staff of said hospital. Dr. Kissane, at one time, was chairman of the Credentials Committee of the staff and also chairman of its Nominating Committee.
Dr. Sherwin, at times, was chief of staff of said hospital.
The defendant, William A. Clermont, was and still is the administrator of the hospital.
The plaintiff married in this country, and her husband is Dr. Halberstadt who apparently is a scientist and his degree is in connection with his branch of science and not connected with the practice of medicine.
In 1954, upon application which had previously been made, the plaintiff was admitted to the courtesy staff of the Alice Hyde Memorial Hospital. This admission conferred no surgical privileges. Thereafter, in 1956, she became a member of the active staff of the Alice Hyde Memorial Hospital. She was not extended any surgical privileges. However, she was permitted surgery to the extent that it be approved by the head of surgery with a senior surgeon or associate surgeon in attendance.
She later made two applications to the chief of surgery for surgical privileges. In fact, there were two such applications made between the years 1956 and 1960. At that time, Dr. Philip
W. Gorman was chief of surgery. These applications were never passed upon. Therefore, no surgical privileges were ever extended to the plaintiff.
*636 During this period of time, Dr. Halberstadt was censored for her conduct on two separate occasions. One was the alleged abandonment of a patient, and the second was the treatment by Dr. Halberstadt of a gunshot wound under local anesthesia. These, apparently, were clear violations of the by-laws.
Again, in February, 1962, it is claimed and not denied that the plaintiff took two patients who were sitting in the emergency room right out of the hospital for treatment in her own office. Apparently, they were both fracture cases resulting from skiing in the area.
Another alleged violation is that in November of 1960, after being specifically informed that she had no surgical privileges, she proceeded to operate on a gunshot wound to remove a bullet lodged near a tendon. This was done under local anesthesia in the emergency room. Apparently, she made no attempt to obtain the assistance of a surgeon as she was required to do.
Her conduct on these occasions brought about suggestions to reduce Dr. Halberstadt’s status to the courtesy staff and thereafter a hearing was held before the executive committee of the board of directors relative to reducing her status to that as suggested. Before a decision was rendered as to this, the annual meeting of the board of directors was held and Dr. Halberstadt was not renominated for the following year.
Because of the failure to nominate Dr. Halberstadt to her former privileges, these actions were commenced. The first cause of action seeks the following:
“ wherefore, plaintiff asks judgment against the defendants and each of them as follows :
“ As to the first cause of action declaring:
11 (a) That plaintiff is a physician and surgeon duly licensed and qualified and practicing her profession as such under the laws of New York;
“ (b) That no defect exists in respect to the validity of plaintiff’s credentials and professional qualifications as a physician and surgeon.
“(c) That Alice Hyde Memorial Hospital is in fact a public hospital, and
“ (d) That plaintiff is entitled to admit her patients to Alice Hyde Memorial Hospital and to the use of the facilities of said hospital subject to the reasonable rules and regulations thereof.” The .second cause of action seeks the following:
“ As to the second cause of action:
“ For money damages against the defendants, Kissane and Sherwin, Jr., and Clermont in the amount of Five Hundred *637 Thousand Dollars ($500,000.00), together with the costs of the action, except that no costs are asked against the defendant, Cardinal. ’ ’
The action for damages was severed by an order of this court, so that the only issue upon this trial was that of the plaintiff’s rights.
An extended trial was had in Warren County and Schenectady County in the same Judicial District. In all, nine witnesses were sworn and testified, and close to 80 exhibits were offered by the plaintiff and a much lesser number by the defendants.
The Alice Hyde Memorial Hospital is not a public corporation, and the fact that it received contributions as well as public assistance does not make it such. Public hospitals are such as established by the State; such as are established by municipalities and not maintained privately or under private control. See Van Campen v. Olean Gen. Hosp. (210 App. Div. 204). At page 206 of the opinion, the learned court writes as follows: “ The learned trial court has found and the judgment declares that the defendant is a public corporation. With due deference we cannot take that view. Public corporations are the instrumentalities of the State, founded and owned by it in the public interest, supported by public funds and governed by managers deriving their authority from the State. (Dartmouth College v. Woodward, 4 Wheat. 518, 669; Regents of University of Maryland v. Williams, 9 G. & J. [Md.] 365; Bouvier’s Law Dict. [Rawle’s Third Rev.] 683; 14 C. J. 72, 73.) ”
It is to be noted in the citations that the classic Dartmouth College case is cited.
The operation and control of the Alice Hyde Memorial Hospital is vested in its board of directors. See Leider v. Beth Israel Hosp. Assn. (33 Misc 2d 3). At pages 5 to 6 of the opinion, the court well stated the rule as follows: “A board of trustees of a private, voluntary hospital such as defendant is charged only with the duty of exercising best judgment, and the board cannot be controlled in the reasonable exercise and performance of that duty. The members have wide discretion in the exercise of their judgment, and equity will not attempt to correct errors of judgment absent manifest failure in the performance of a legal duty. The plaintiff acquired no vested right to the continued treatment of his private patients in the hospital, and the denial of future courtesy privileges following the termination of his annual employment constituted no legal wrong. Courts may not interfere in the internal management of corporations in the absence of fraud or bad faith, if kept within corporate powers. (Manczur v. Southside Hosp., 16 Misc 2d 989; Van Campen v. Olean Gen- *638 Hosp., 210 App. Div. 204, affd. 239 N. Y. 615; Loewinthan v. Beth David Hosp. 9 N. Y. S. 2d 367; People ex rel. Cline v. Robb, 126 N. Y. 180.) ”
Also, see, Gluck v. Lenox Hill Hosp., (N. Y. L. J., April 26,1965, p. 17, col. 3 [Hofstadtek, J., Sup. Ct., N. Y. County, Spec. Term, Pt. I]). The facts in the Gluck case were almost identical with the facts in the instant case.
Private institutions must, of necessity, he governed by its board of directors and that not only applies to hospitals, but private educational institutions as well.
This court well recalls the ease of People ex rel. Goldenkoff v. Albany Law School (198 App. Div. 460). The applicant was a member of the senior class of the Albany Law School and was expelled therefrom on the 27th day of April, 1920. The writ directed to the law school commanded it to reinstate the applicant and to furnish him with instructions to permit him to take examination tests and exams and if he passes to grant him a diploma. The proceedings were instituted by an order to show cause and the ground for the dismissal of the student was the fact that at that time the famous Socialist trial was taking place in the New York State Assembly and Goldenkoff had announced to some of his classmates that he was a Socialist and in sympathy with the movement. At page 466 of the opinion, it was stated what the powers of the faculty were in the Goldenkoff case:
*1 Clearly, therefore, the faculty acted within the scope of its jurisdiction, and exercised its discretion in a matter involving discretion, to such purpose that no review thereof may be made by a court. The alternative writ of mandamus should not have issued.
“ The order should be reversed and the application dismissed. ”
Recently, out of the Supreme Court of Kansas, in the case of Foote v. Community Hosp. of Beloit (195 Kan. 385, 388), the general rule seems to be well stated:
“ While the question is novel in Kansas, it has received much attention elsewhere. In 26 Am. Jur., Hospitals and Asylums, § 9, p. 592, the general rule is stated as follows: ‘ It seems to be the practically unanimous opinion that private hospitals have the right to exclude licensed physicians from the use of the hospital, and that such exclusion rests within the sound discretion of the managing authorities. ’
“ Cases in support of this general rule may be found at the annotation in 24 ALR 2d 850, et seq., and a more recent case extensively reviewing later authorities to the same effect is *639 Shulman v. Washington Hospital Center, 222 F. Supp. 59. (D. C. D. G, 1963).”
It is to be noted that in the State of Kansas, the licensing and regulation of hospitals is governed by statute.
The defendants Kissane, Sherwin and Clermont cannot be held responsible for the failure of the board of directors to renominate Dr. Halberstadt. The action of the executive committee of the board of directors was not arbitrary or capricious or unconscionable as the plaintiff was given an opportunity to comply with the rules and regulations of the hospital.
The plaintiff, in the brief which was filed, has urged this court to consider the geographic monopoly to find that this is a public or quasi-public institution and to find that a court of equity should declare that the plaintiff has been deprived of her right to treat her patients; and also to find that her dismissal was without due process; that the hospital’s by-laws are unreasonable ; that she has suffered an economic loss; and that there was bias in the hospital board’s actions.
These findings, this court cannot make.
Therefore, this court renders judgment that the complaint of the plaintiff herein be dismissed as against each and every defendant.