**Margarita DE LA CRUZ, Plaintiff,**

v.

**Lorraine DU FRESNE et al., Defendants.**

**No. CIV–R–80–262–ECR.**

United States District Court, D. Nevada.

April 30, 1981.

---

Seymour H. Patt, Reno, Nev., for plaintiff.

Walter T. Lloyd, Reno, Nev., Harkins & Beckett, Ltd., Carson City, Nev., for defendant Du Fresne.

Donald Klasic, Deputy Atty. Gen., Carson City, Nev., for defendants Swackhamer, Howard and Fondi.

John A. Flangas, Reno, Nev., for M. Andreasen and I. Orr.

Daniel R. Walsh, Carson City, Nev., for defendants L. Pecoraro, E. Curtis and J. Glasscock.

## ORDER

EDWARD C. REED, JR., District Judge.

The plaintiff has moved to dismiss the counterclaim of defendant Du Fresne pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The plaintiff's complaint alleges violations of the Civil Rights Acts, most notably 42 U.S.C. § 1983, for defendants' denial of her right to vote. Defendant Du Fresne's counterclaim alleges that plaintiff's suit is abusive and ill founded. Said defendant's counterclaim appears to be pleaded to allege a claim for malicious prosecution and also a claim of abuse of process.

Plaintiff's motion to dismiss alleges that the counterclaim for malicious prosecution cannot lie without meeting the usual prerequisite for such an action, which is that the case on which the suit is based must have been previously terminated in favor of the claimant—here the defendant. Defendant asserts that there need not be such prior favorable determination and alternatively, that her allegation of malicious prosecution is in any event, the proper subject of a counterclaim under Rule 13 of the Federal Rules of Civil Procedure.

There is a wealth of authority on the viability of a malicious prosecution claim based on an action yet to be terminated and on the propriety of a counterclaim of malicious prosecution. *See Singleton v. City of New York*, 632 F.2d 185, 195 (1980); *Sullivan v. Choquette*, 420 F.2d 674 (1st Cir. 1969), *cert. denied*, 398 U.S. 904, 90 S.Ct. 1691, 26 L.Ed.2d 62 (1970); *Morrison v. Jones*, 551 F.2d 939 (4th Cir. 1977); *Dellums v. Powell*, 566 F.2d 167, 191 n. 65 (D.C.Cir.),

*cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1977); *United States v. Levering*, 446 F.Supp. 997 (D.Del.1978). See also D. Prosser, *Torts* § 119, at 835 and § 120, at 853 (4th ed. 1971); Restatement (Second) of Torts § 674 (1977); 52 Am. Jur.2d *Malicious Prosecution* §§ 6, 29 (1970); 54 C.J.S. *Malicious Prosecution* § 54 (1948); and Annot., 14 A.L.R.2d 264, 276 (1950). A review of these authorities reveals that the common law rule, generally adopted and applied by the federal courts, requires, as an essential element of a malicious prosecution claim, the prior termination of the earlier proceeding. Defendant's counterclaim must therefore be dismissed inasmuch as it, at least in part, pleads an action for malicious prosecution.

The Court is not persuaded by defendant's Rule 13 argument. A counterclaim for malicious prosecution may not be interposed in the very proceeding which is alleged to be the basis for the claim. *United States v. Levering, supra; Ivey v. Daus*, 17 F.R.D. 319 (S.D.N.Y.1955); *Prosser, supra* at 853, 54 C.J.S. malicious prosecution § 54 (1948).

IT IS THEREFORE HEREBY ORDERED that defendant's said counterclaim is dismissed. Defendant shall, however, be allowed twenty days within which to file and serve an amended counterclaim, if she wishes to do so.