# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Moran

v.

Pepper

### Case No. (Law) 5695

## By JUDGE ALBERT H. GRENADIER

### July 28, 1983

This case comes on to be heard upon the plea of the statute of limitations and the demurrer filed by the defendant to the plaintiff's second amended motion for judgment.

### *Statute of Limitations*

The defendant alleges that the cause of action stated in Count III of the second amended motion for judgment is barred by the statute of limitations. The parties agree that the cause of action alleged in Count III is governed by the one-year limitation prescribed in Section 8.01-248 of the Code of Virginia. As this cause of action accrued, at the latest, in October, 1979, the claim asserted in Count III had to be brought by October 31, 1980. The original motion for judgment was filed on October 25, 1979 and the first amended motion for judgment was filed on September 29, 1980, both within the statutory period. The second amended motion for judgment was filed on April 14, 1982.

Generally, an amendment which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action and stops the running of the statute as of that date. But an amendment which introduces a new or different cause of action and makes a new or different demand not made in the original suit does not relate back to the beginning of the action and the statute continues to run until the date of the amendment. See *Irvine v. Barrett*, 119 Va. 587 (1916); 1B Michie's Jurisprudence 79, *Amendments*, § 70, and 12A Michie's Jurisprudence 268, *Limitation of Actions*, § 38, and cases cited therein.

The issue, therefore, is whether Count III of the second amended motion for judgment states a new or different cause of action not made in the original suit or the first amended motion for judgment.

A careful reading and comparison of Count III of the first amended motion for judgment and Count III of the second amended motion for judgment reveals that the causes of action and the relief sought therein are similar in nature. It is noted that Count III of the second amended motion for judgment appears to be substantially the same as counts II, IV and V of the original motion for judgment. The Court is of the opinion that Count III of the second amended motion for judgment does not set up a new cause of action and makes no new demand. Accordingly, it will relate back to the commencement of the action and stops the running of the statute as of that date.

For the reasons stated above the plea of the statute of limitations will be overruled. This issue may be moot, however, in view of the Court's ruling upon the demurrer which follows.

### Demurrer

The defendant has filed a demurrer to all three counts of the second amended motion for judgment claiming that the allegations made therein fail to allege causes of action sufficient in law.

## Count I

The defendant ascribed three grounds for his demurrer with respect to Count I of the second amended motion for judgment, which for the sake of brevity will not be repeated here. The Court is of the opinion that the grounds stated are without merit and that the demurrer as to this count should be overruled. The plaintiff specifically pleads that the defendant acted in concert with others for the specific purpose of injuring the plaintiff's reputation, business and profession. The allegations contained in paragraphs 40, 41 and 43 are more than sufficient to establish the cause of action alleged in this count. Although § 18.2-500 of the Code of Virginia does not provide for punitive damages, it does provide for compensatory damages, treble damages, attorney's fees and costs. The inability of the plaintiff to recover punitive damages for the wrongs alleged in Count I does not, in the opinion of the Court, render that count demurrable. The plaintiff may, of course, recover only those damages contained in the statute. Accordingly, the demurrer Count I of the second amended motion for judgment will be overruled.

## Count II

The defendant assigns two grounds for his demurrer to count II of the second amended motion for judgment. In the first he alleges that there is no common law cause of action against a person who willfully and maliciously injures a person in his reputation, trade, business or profession. In the second he alleges that if this is a cause of action for slander, the exact words uttered by the defendant which caused injury to the plaintiff must be set forth in his claim. The Court is of the opinion that Virginia has long recognized that there is a cause of action for intentional interference with business relationships and that the plaintiff has sufficiently alleged in this count the essential elements of such cause of action. See *Worrie* v. *Boze*, 198 Va. 533 (1956); *Keepe* v. *Shell Oil Co.*, 220 Va. 587 (1979); *Griffith* v. *Electrolux Corp.*, 454 F. Supp. 29, 32 (E.D. Va. 1978); *Picture Lake Campground* v. *Holiday Inns, Inc.*, 497 F. Supp. 858 (E.D. Va. 1980).

The essential elements of a cause of action for intentional interference with business relationships are: (1) the existence of a business relationship or contract, (2) the defendant's knowledge of such business relationship or contract, (3) an intentional and improper interference by the defendant, (4) a causal relationship between the interference and the injury to the plaintiff, (5) resulting in damages.

The plaintiff alleges in this count that he had a business relationship with his patients in the hospital and that the defendant was aware of the same, that the defendant's conduct denied him the right to hospital privileges to visit his patients, that the defendant revoked his medical society membership and attempted to revoke his license to practice medicine in Virginia, and that be reason of the foregoing he was damaged. He has, therefore, alleged all of the essential elements of this cause of action. Accordingly, the demurrer to Count II of the second amended motion for judgment will be overruled.

## Count III

The demurrer to Count III of the second amended motion for judgment presents a more significant problem. The defendant alleges as his grounds that he had no duty to review the plaintiff's application for hospital privileges in good faith or in a fair manner and that due process standards are not applicable in such review.

There is a division of authority regarding the right of a private hospital to exclude licensed physicians, but the majority view and almost overwhelming weight of authority seems to be that private hospitals have the right to exclude licensed physicians and surgeons from the use of the hospital for any cause deemed sufficient by its managing authorities, and this right is not subject to judicial review. *Nashville Memorial Hospital, Inc.* v. *Binkley*, 534 S.W.2d 318, 320 (Tenn. 1976). *Hawkins* v. *Kinsie*, 540 P.2d 345 (Colo. 1975).

In *Gotsis* v. *Loraine Community Hospital*, 345 N.E.2d 641 (Ohio 1974), the court held that a physician does not have a constitutional right to practice medicine in a particular hospital, whether public or private, and in the absence of state involvement a private hospital has sole discretion in setting standards for the selection

and retention of the members of its medical staff. The court further held that the exercise of such discretion is not subject to judicial review if it follows its own charter, bylaws, rules and regulations.

In *Anton v. San Antonio Community Hospital*, 140 Cal.Reptr. 442, 10 Cal.3d 802, 567 P.2d 1162 (1977), after first concluding that a physician holding hospital privileges has a fundamental vested property right, the court held that a physician could not be denied reappointment to the hospital staff without a hearing and other procedural prerequisites consistent with minimal due process and a finding that he did not meet the reasonable standards of the hospital.

Although there was a vested right in *Anton* and none in this case, the court does not perceive a legitimate distinction between a first-time application for hospital privileges and a termination of existing privileges, insofar as due process requirements are concerned. Fundamental due process should be afforded by a hospital to any qualified applicant for membership to its staff.

In the light of the foregoing authorities, does Count III state a cause of action against the defendant? It must be noted that unlike the authorities previously cited this is not suit against a hospital, or the members of its committees or boards, but against an individual physician who was a member of the hospital staff and chief of the department to which the plaintiff sought membership.

The plaintiff alleges that in investigating and evaluating his application for privileges and making a recommendation thereon the defendant owed him a duty to review the application fairly, in good faith and within the guidelines of fundamental due process. Fundamental due process cannot, however, be considered in the abstract. It must be viewed in the context of the plaintiff's right to a fair hearing on his application for privileges. Yet there are no allegations in the second amended motion for judgment regarding such a hearing. The Court cannot determine from the allegations made in this case whether any hearing was in fact held on the plaintiff's application, or if held, what occurred at that hearing and to what extent the defendant was involved. Left to conjecture is whether the defendant was in any way involved in the decision-making process which led to the denial of the plaintiff's hospital privileges.

This is not to say that the motion for judgment fails to raise issues concerning the lack of fairness and good faith on the part of the defendant in the overall premises, but in the absence of specific allegations that the defendant was involved in the decision-making process as a member of a committee or board considering the plaintiff's application, the Court is of the opinion that Count III does not state a separate cause of action independent of those causes of action set forth in Counts I and II of the second amended motion for judgment.

Accordingly, the Court will sustain the demurrer as to Count III of the second amended motion for judgment.

### December 12, 1983

The defendant has filed a demurrer to Count I of the third amended motion for judgment alleging that the plaintiff may not bring an action under § 18.2-500 Virginia Code without a prior adjudication that the defendant was guilty of a violation of § 18.2-499 Virginia Code.

After reviewing the memoranda of counsel and upon a full consideration of the matters raised on the demurrer, the Court is of the opinion that the demurrer should be overruled.

There are no decisions of the Supreme Court of Virginia interpreting these code sections. The federal courts in Virginia have considered various aspects of civil actions brought under § 18.2-500, but have not decided the precise question raised by this demurrer. In none of the federal cases, however, does the court require a prior adjudication of guilt under § 18.2-499 before a civil action can be brought under § 18.2-500. In *Falwell v. Penthouse International Ltd.*, 512 F. Supp. 1204 (W.D. Va. 1981) the court observed that these two code sections provide a statutory scheme establishing criminal and civil remedies for persons injured in their trade, profession or business by two or more other persons acting purposefully, willfully and maliciously. Prior conviction was not mentioned by the court in *Falwell* as a prerequisite for a civil action.

The language in § 18.2-500 refers to a "violation of § 18.2-499," and not "upon a finding of guilt under Section 18.2-499." The Court believes that the language in § 18.2-500 is simply descriptive of the acts defined in § 18.2-499. The Court should also point out that the

Commonwealth's Attorney has discretion as to whether a criminal prosecution is brought under § 18.2-499. It does not seem fair or reasonable that an injured party be denied relief under § 18.2-500 because the prosecutor declines to prosecute. The Court also does not feel that the federal antitrust statutes are apposite herein.

Another question that should be addressed relates to the burden of proof. Section 18.2-500 is a civil conspiracy statute. In a civil conspiracy case the plaintiff must prove his case by preponderance of the evidence or by clear and convincing evidence. See 16 Am.Jur.2d *Conspiracy*, § 68 (1979). As none of the federal cases previously referred to required the clear and convincing standard, the Court must assume that the usual preponderance of the evidence standard is applicable.

The Court requests that counsel for the plaintiff prepare an order consistent with this letter opinion, secure the endorsement of defendant's counsel and forward same to the Court for entry. The order should also include a provision sustaining the demurrer as to Count III and dismissing that count.