MEYER W. STEIN, APPELLANT, v. WILLIAM SCHMITZ, LEWIS S. JACOBSON AND EUGENE V. REGALIA, RESPONDENTS.

Argued May 12, 1948—Decided September 3, 1948.

For the appellant, *Harry Green.*

For the respondents, *John C. Barbour.*

The opinion of the court was delivered by

BODINE, J. The plaintiff, Meyer W. Stein, sued to recover damages for alleged malicious injury to his standing as an attorney-at-law of this state, arising out of a complaint filed by the defendant William Schmitz in the Supreme Court, charging him with unprofessional, unethical and unlawful conduct.

The defendants, in addition to Schmitz, are Lewis S. Jacobson, a counselor-at-law, and Eugene V. Regalia, an alleged conspirator.

The jury returned a verdict of no cause of action. From the judgment entered, plaintiff appeals.

Reversal is sought solely on rulings on evidence. The rulings complained of come within two headings: (1) admission of alleged hearsay evidence; (2) exclusion of the report of the Board of Bar Examiners.

The questions to be determined are:

1. In an action by an attorney, for malicious injury in his profession, where defense is advice of counsel after full and

true disclosure by client, and the client himself does not testify, may counsel be permitted to give testimony as to that which his client told him, when counsel is himself a defendant? We think he may.

2. Was the report of the Bar Examiners, completely exonerating plaintiff of charges of unethical conduct and finding that defendant was lacking in good faith or honesty of purpose in making the charges, properly excluded? We think it was.

We do not pass on the sufficiency of the complaint since it was not raised before us.

On December 11th, 1940, defendant William Schmitz filed a petition in the Supreme Court charging plaintiff with unprofessional, unethical conduct and with unlawfully attempting to extort money from him. Thereafter, the Supreme Court appointed Peter Hofstra, Esquire, to prosecute the charges before the State Board of Bar Examiners. A full hearing was had.

On April 11th, 1942, the Board of Bar Examiners submitted a report of their findings, completely exonerating plaintiff of the charges made.

The testimony complained of we think was properly admitted.

"An attorney is not liable with his client, in a joint action of trespass, unless it can be shown that he has gone beyond the strict law of his duty. * * * While he acts merely in his character of attorney, making use of the process of the law to enforce his client's demand, however groundless and vexatious it may be, he is not amenable to suit." *Schalk* v. *Kingsley*, 42 *N. J. L.* 32.

To establish this defense, it was necessary for the attorney to testify to the facts related to him by his client. The evidence complained of was introduced for that purpose.

It was said by Mr. Justice Case in *Rynar* v. *Lincoln Transit Co., Inc.*, 129 *N. J. L.* 525, 528: "If the evidence is legal for one purpose but incompetent for another, it will be admitted and the party disadvantageously affected may summon the court's assistance by request to charge or other appropriate means. *Perry* v. *Levy*, 87 *N. J. L.* 670."

Plaintiff having opened the door on his direct examination and having cross-examined on the same line of questioning, there was no error in the admission of the evidence.

The report of the Board of Bar Examiners was the conclusion that the members thereof made from the evidence they heard.

"The action of the grand jury in refusing to find a bill, is, as an instrument of evidence *res inter alios acta.* The grand jury is not the proper tribunal to try the issues involved in the civil suit, and the issue passed upon by it in refusing to find a bill is not the real issue presented in the civil action—whether the defendant, on the information at his command, had then probable cause for making the complaint. The general rule is that the record in a criminal proceeding is inadmissible in evidence in a civil suit. To this general rule there are two notable exceptions, in the admission of a plea of guilty to an indictment for an assault and battery as evidence in an action for the civil injury, and the admission of the record of the acquittal, or of the *non pros.,* or other proceeding terminating the criminal prosecution, in action for a malicious prosecution. I think a further relaxation of the general rule would be impolitic and a violation of principle." *Apgar* v. *Woolston,* 43 *N. J. L.* 57 (at *p.* 64).

"According to numerous decisions, a record showing an acquittal is not admissible to show want of probable cause, but is admissible only for the purpose of showing a termination of the proceedings complained of in plaintiff's favor." 38 *C. J.* 487, § 171.

All other questions have been considered, but have not the merit deserving further discussion.

The judgment is affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Bodine, Donges, Heher, Colie, Wachenfeld, Eastwood, Burling, Jacobs, Wells, Dill, Freund, McLean, Schettino, JJ. 15.

*For reversal*—None.