NASHVILLE MEMORIAL HOSPITAL,
INC., et al., Appellants,

v.

George T. BINKLEY, Appellee.

Supreme Court of Tennessee.

March 8, 1976.

Alfred H. Knight, III, William R. Willis, Jr., Nashville, for appellants.

W. A. Moody, Nashville, for appellee.

## OPINION

BROCK, Justice.

This is an action for damages brought by appellee, George T. Binkley, M.D., a physician practicing surgery in Davidson County, Tennessee, against the appellants, Nashville Memorial Hospital, Inc., a corporation, and seven named individuals alleging that the defendant hospital has, without just cause, refused to grant him suitable staff privileges and that the hospital and the individual defendants have unlawfully conspired to injure him in the practice of his profession thereby inflicting upon him great damages.

The defendants challenged the complaint by a motion to dismiss upon the ground that it failed to state a claim upon which relief could be granted. The trial court overruled the motion to dismiss and, pursuant to T.C.A. § 27–305, granted a discretionary appeal to this Court. We proceed to determine whether or not the complaint alleges any recognized theory of recovery against the defendants.

As we construe the complaint, it may be considered to contain two theories, viz., (1) that the defendant hospital in withholding staff privileges from the plaintiff is acting arbitrarily, capriciously and without any just cause and that in so doing the hospital is violating a duty owed to the plaintiff, the hospital having lost its status as a "private" hospital by reason of its acceptance of Federal Hill-Burton Act funds, so that, it is not immune from judicial scrutiny of the reasonableness of its decisions with respect to staff privileges, and (2) that the hospital and the individual defendants have conspired unlawfully to injure plaintiff in the practice of his profession and pursuant to said conspiracy have deprived him of staff privileges at the hospital, thereby causing him great damage.

 Whether or not a physician has a right to practice in a hospital depends upon whether the hospital be a public one, that is, an instrumentality of the state, founded and owned in the public interest, supported by public funds, and governed by those deriving their authority from the state, or is a private one founded and maintained by private persons, or a corporation, and which is not managed or controlled by the state or any of its subdivisions. It is the general rule that a duly licensed physician or surgeon has a right to practice his profession in the public hospitals of the state so long as he stays within the laws and conforms to all reasonable rules and regulations of the institutions adopted for the government thereof, and he cannot be deprived of that right by rules, regulations, or actions of the hospital's governing authorities that are unreasonable, arbitrary, capricious, or discrim-

inatory. *Henderson v. City of Knoxville*, 157 Tenn. 477, 9 S.W.2d 697, 60 A.L.R. 652 (1928); 40 Am.Jur.2d 857, Hospitals and Asylums, § 10. On the other hand, it is generally held that private hospitals have the right to exclude licensed physicians and surgeons from the use of the hospital for any cause deemed sufficient by its managing authorities. *Henderson v. City of Knoxville, supra; Edson v. Griffin Hospital*, 21 Conn.Sup. 55, 144 A.2d 341 (1958). See also cases at 24 A.L.R.2d 852, § 2. In two jurisdictions, it has been held that even private hospitals may not arbitrarily, capriciously, and unreasonably withhold staff privileges from a duly licensed physician or surgeon. *Greisman v. Newcomb Hospital*, 40 N.J. 389, 192 A.2d 817 (1963); *Woodard v. Porter Hospital, Inc.*, 125 Vt. 419, 217 A.2d 37 (1966).

The appellee recognizes the rule as stated with respect to private hospitals and urges that the defendant hospital should be subjected to the rule stated with regard to public hospitals by reason of the fact that it has accepted funds under the Hill-Burton Hospital Construction Act, relying upon *Eaton v. Grubbs*, 4 Cir., 329 F.2d 710 (1964); *Simkins v. Moses H. Cone Memorial Hospital*, 4 Cir., 323 F.2d 959 (1963). In our opinion, the authorities cited do not support the position of the appellee. Both cases are distinguishable from the case at bar since in each the hospital in question practiced discrimination based upon race which is not involved here. In the *Eaton* case, the hospital could not be considered to be private since it had been donated by a city and a county to a self-perpetuating board of directors with ongoing public financial support and was subject to a right of reverter to the state in the event the property ceased being used as a hospital, facts which clearly distinguish that case from the one at bar. In the *Simkins* case, not only was the hospital the recipient of Federal funds but it was also exempt from taxation, possessed the power of eminent domain, used student nurse interns from two state supported col-

leges, and some of its trustees were appointed by the state, facts which clearly distinguish it from the case at bar.

 We find nothing in the Hill-Burton Act undertaking to create any power of control or supervision over hospital affairs. In fact, the intent to do so is expressly disclaimed.[1] *Hoberman v. Lock Haven Hospital*, 377 F.Supp. 1178 (M.D.Pa.1974).

 We are of the opinion that the mere receipt of Federal funds under the Hill-Burton Act does not deprive an otherwise private hospital of the right to grant or withhold staff privileges as it sees fit, at least where the matter of racial discrimination is not involved. *Woodard v. Porter Hospital, Inc., supra; Edson v. Griffin Hospital, supra.* See also *Doe v. Bellin Memorial Hospital*, 479 F.2d 756 (7th Cir. 1973). Therefore, we conclude that the complaint fails to state a cause of action for wrongful withholding of staff privileges by the defendant hospital.

 Nevertheless, we are of the opinion that the trial court was correct in overruling the motion to dismiss; the complaint does state a cause of action against all of the defendants for engaging in and executing an alleged conspiracy to injure the plaintiff in the practice of his profession. Thus, the complaint alleges:

"2. The plaintiff would further show that the defendant hospital together with the individual defendants conspired without justifiable cause to terminate his surgical privileges, knowingly making it impossible for him to practice his surgical speciality, and not only was such action arbitrary and capricious but was a concerted effort on the part of the individual defendants to deprive the plaintiff of his patients for their own profit and was further directed toward depriving the plaintiff of the right to practice his surgi-

cal speciality for the personal reasons of the individual defendants acting in concert and individually and that the actions of the individual defendants and the corporate defendant did in fact result in the loss of the plaintiff's right to practice his surgical speciality and in severe and permanent loss of income. . . .

\* \* \* \* \* \*

"4. The plaintiff therefore alleges and avers that the action of the defendant hospital which resulted in termination of the plaintiff's surgical privileges was unreasonable, arbitrary, capricious and without merit and that the actions of the individual defendants acting individually or on behalf of the defendant hospital in participating in the acts leading up to the final termination of surgical privileges of the plaintiff was the result of a concerted action of the individual defendants to terminate the plaintiff's surgical privileges without cause and for their individual and collective personal gain to the damage of the plaintiff, for which the defendants are liable individually and severally and refuse to pay."

 Everyone has the right to establish and conduct a lawful business or engage in a lawful profession, and is entitled to the protection of organized society, through its courts, whenever that right is unlawfully invaded. An actionable wrong is established against anyone who is shown to have intentionally interfered with that right, without justifiable cause or excuse. It is, therefore, an actionable wrong for two or more persons to conspire maliciously and without justification or excuse to injure or damage another in the conduct of a lawful business or profession. Furthermore, it is not necessary to expressly allege malice so long as it is alleged that the damage was done by the defendants intentionally and

1. "Except as otherwise specifically provided, nothing in this subchapter shall be construed as conferring on any Federal officer or employee the right to exercise any supervision or control over the administration, personnel, maintenance, or operation of any facility with respect to which any funds have been or may be expended under this subchapter." 42 U.S.C.A. § 291m.

without legal justification, for malice is inferred from such allegations. *Hutton v. Watters*, 132 Tenn. 527 (1915); *Stein v. Schmitz*, 21 N.J.Misc. 218, 32 A.2d 844 (1943), Affirmed 137 N.J.L. 725, 61 A.2d 260 (1948); *Cowan v. Gibson*, 392 S.W.2d 307 (Mo.1965); 15A C.J.S. Conspiracy § 10(1), p. 617; 16 Am.Jur.2d 154, Conspiracy, § 53.

Accordingly, we affirm the judgment of the trial court and remand the cause to that court for further proceedings consistent with this opinion. Costs incurred in this Court will be borne by the appellants.

FONES, C. J., and COOPER, HENRY and HARBISON, JJ., concur.