Dr. John L. ARMSTRONG, Appellee,

v.

**BOARD OF DIRECTORS OF FAYETTE COUNTY GENERAL HOSPITAL, Appellant.**

Court of Appeals of Tennessee, Western Section.

Oct. 18, 1976.

Certiorari Denied by Supreme Court July 5, 1977.

J. P. Matthews, Somerville, Armistead F. Clay, Memphis, for appellant.

James F. Schaeffer, Memphis, for appellee.

MATHERNE, Judge.

The issue is whether the defendant hospital board acted illegally, arbitrarily and beyond its jurisdiction by the adoption and enforcement of a by-law which requires certification, or eligibility for certification, by the American Board of Surgery as a prerequisite to the granting of certain surgical privileges to physicians who apply therefor.

The by-law under consideration provides: "Types of major surgical procedures to be performed by a physician shall be dependent upon his demonstrated training and experience subject to approval of the Executive Committee of the medical staff and the surgical staff of the hospital. No member of the surgical staff shall be deprived of surgical privileges without two-thirds of the vote of the medical staff. Surgical procedures requiring advanced surgical skill and training shall be performed by a surgeon who is certified, or eligible for certification by the American Board of Surgery or equivalent specialty or subspecialty board joined under the auspices of the American Medical Association, and demonstrated competence and ability."

The plaintiff applied for 44 specified surgical privileges; the hospital board granted him only 17 of these. The plaintiff appeared before the board and requested approval for those surgical privileges which had been denied. The board refused this request and the plaintiff obtained review by writ of certiorari from the Chancery Court sitting in Fayette County, Tennessee. The chancellor found that the board had denied the requested surgical privileges because the plaintiff was not certified, nor eligible for certification, by the American Board of Surgery. The chancellor found that action of the board to be illegal, arbitrary and beyond the jurisdiction of the board and remanded the cause to the board for a determination of whether the plaintiff was entitled to those surgical privileges based upon the plaintiff's qualifications and experience.

The board appeals the decision of the chancellor and also questions the admission of certain evidence in the chancery court which did not bear upon the issue of whether the board acted illegally, arbitrarily and beyond its jurisdiction.

The Fayette County General Hospital, a public hospital, has been rather recently constructed, equipped, staffed and placed in full operation. Fayette County, Tennessee is a rural county and there are about six physicians practicing medicine in that county. Dr. Armstrong has practiced his profession of medicine and surgery for about 30 years. He is now practicing medicine and surgery in Fayette County.

The 17 surgical procedures approved by the board for Dr. Armstrong are procedures of a minor nature as compared to those procedures which were refused. The record and oral argument before this Court establish that Dr. Armstrong was allowed more surgical procedures than was any other physician in Fayette County and that no other physician in that county is qualified to perform the surgical procedures which were denied to Dr. Armstrong. The medical staff of the hospital as originally constituted consisted of all the physicians practicing in Fayette County. Dr. Armstrong was admitted to the staff under the surgical restrictions noted.

Eight of the nine members of the board of directors testified before the chancellor. Each director stated that the reason the surgical privileges of a major nature were denied to Dr. Armstrong was that he was not certified, or eligible for certification, by the American Board of Surgery. It is also important to note that these witnesses tes-

tified that no evidence was submitted to the board of directors which would establish Dr. Armstrong as incompetent to perform these procedures, and each admitted that evidence was submitted to the board that tended to establish the competency of Dr. Armstrong to perform these procedures. In short, the members of the board of directors closed their minds to the competency of Dr. Armstrong and denied him major surgical privileges because he was not certified as the by-law required.

We agree with the chancellor that this action of the board of directors of this public hospital was arbitrary, capricious, discriminatory and beyond its jurisdiction. We hold, under the authority of *Nashville Memorial Hospital, Inc. v. Binkley* (Tenn. 1976) 534 S.W.2d 318, that Dr. Armstrong cannot be deprived of his right to practice his profession, or any part thereof, by the unreasonable, arbitrary, capricious or discriminatory actions of the governing body of a public hospital.

Based upon the fact that the board of directors had not considered the qualifications of Dr. Armstrong, the chancellor remanded the cause to the board of directors with the instruction that within 30 days from the entry of the order—

> (T)he board of directors of the hospital afford a hearing to the petitioner to reconsider his application for those certain surgical privileges pursuant to a fair procedure based upon his qualifications and experience.

■ We agree with this holding of the chancellor. We hold that a requirement of certification by any particular society as a mandatory prerequisite for the right of a duly licensed physician to practice his profession in a public hospital is illegal, arbitrary, capricious and beyond the jurisdiction of the governing body of the hospital. The governing body of a public hospital may accept a certification of a certain board or society and, based upon that certification alone, grant a physician specified hospital privileges. But, in the absence of the acceptable certification the governing body of the hospital, acting in a quasi-judicial capacity, must determine from evidence presented to it whether the applying physician is competent to perform the surgical procedures requested by him.

The chancellor further decreed as follows:

> (T)hat the Board of Directors of the Fayette County Hospital be and is hereby directed to amend its by-laws to eliminate the aforesaid discriminatory provision therein and to adopt a by-law which does not make membership in any particular society a requirement for hospital privileges and that the basis for privileges be in conformity with those recommended by the American Medical Association and as so required in the aforesaid hospital board resolution adopted on April 26, 1972.

■ We disagree with that holding and we strike the quoted sentence from the decree. Hospital boards and officials are vested with a large measure of management discretion in the selection of members of the medical staff of a hospital. *State ex rel. Carpenter v. Cox* (1969), 61 Tenn.App. 101, 453 S.W.2d 69. For the reasons herein stated we hold the by-law and its enforcement as here attempted to be illegal. However, the courts should abstain from directing a hospital board to repeal or to enact any certain provision in its by-laws. The hospital board has the authority to promulgate reasonable rules and regulations as pertain to staff members and their privileges. It is for the courts to determine under factual situations as presented whether the rule or regulation as enforced is illegal, arbitrary or beyond the jurisdiction of the board. It is sufficient to now hold that the by-law quoted is illegal and cannot be enforced as here attempted.

■ We also disagree with the reference to the American Medical Association contained in the portion of the chancellor's decree quoted above. The proof establishes that the criteria presently recommended by the American Medical Association for the granting of hospital privileges to be "on the bases of individual competency, judgment,

[and] ethical character." The board of directors cannot, however, pass to that organization the responsibility of spelling out, for the present or in the future, what will or will not be constitutionally acceptable. Much less should a court so decree. The burden is on the board of directors to accomplish due process and to protect the right of the licensed physician to practice his profession in a public hospital, subject to reasonable rules and regulations.

 The board of directors complain of the admission of evidence in the chancery court concerning the qualifications of Dr. Armstrong. The chancellor repeatedly stated that any evidence admitted would be considered only as it related to whether the board acted illegally, arbitrarily, capriciously or beyond its jurisdiction. This is the proper basis for the admission of evidence in chancery on common law writ of certiorari to a board or commission. *Bayside Warehouse Co. v. City of Memphis* (1971), 63 Tenn.App. 268, 470 S.W.2d 375, and the authorities therein cited. The decree of the chancellor which remanded the cause to the board of directors for a hearing based upon Dr. Armstrong's qualifications indicates that the chancellor did properly apply the rule concerning the admission and consideration of evidence on this review by common law writ of certiorari.

The decree of the chancellor as herein modified is affirmed and a decree may be accordingly entered in this Court. The cost in this Court is adjudged against the defendant-appellant, for which execution may issue.

CARNEY, P. J., and NEARN, J., concur.