JOE BRYANT, M.D.,                    )
                                     )
        Plaintiff/Appellee,          )
                                     )        Appeal No.
                                     )        01-A-01-9703-CH-00132
VS.                                  )
                                     )        Wilson Chancery
                                     )        No. 96332
TENET, INC., (NATIONAL MEDICAL       )
ENTERPRISES) d/b/a UNIVERSITY        )
MEDICAL CENTER,                      )
                                     )
        Defendant/Appellant.         )

FILED

November 25, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF WILSON COUNTY
AT LEBANON, TENNESSEE

THE HONORABLE C. K. SMITH, CHANCELLOR

HENRY CLAY BARRY
106 S. College
Lebanon, Tennessee 37087
        Attorney for Plaintiff/Appellee

WILLIAM C. MOODY
The Cavalier Building, Suite #509
95 White Bridge Road
Nashville, Tennessee 37205
        Attorney for Defendant/Appellant

REVERSED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
KOCH, J.

DISSENT:
TODD, P.J., M.S.

**O P I N I O N**

On the basis of the due process provision of Article I, § 8 of the Tennessee Constitution, the Chancery Court of Wilson County enjoined Tenet, Inc., the owner of a Lebanon hospital, from proceeding with the investigation of a complaint against a physician with staff privileges at the hospital. We conclude that the procedure employed by the hospital does not violate the physician's constitutional or contractual rights. We, therefore, reverse the lower court's judgment.

## I.

## Facts and Procedural History

Dr. Joe Bryant has practiced for many years as a general surgeon at the University Medical Center (UMC) in Lebanon. UMC is a private hospital owned by Tenet, Inc. and is the only hospital in Wilson County. All physicians working at UMC subscribe to a set of bylaws governing the investigation of complaints. Pursuant to state regulations the bylaws contain a fair hearing procedure governing decisions affecting medical staff privileges. *See Lewisburg Community Hospital v. Alfredson*, 805 S.W.2d 756 (Tenn. 1991).

### a. The Bylaws

The UMC bylaws establish a three-tier process that is intended to incorporate the peer review process endorsed by the General Assembly in Tenn. Code Ann. § 63-6-219 (1997). The process is triggered by the filing of a "request for corrective action." The first step of the process is an informal "investigation" by the executive committee. The bylaws state specifically that this step is not a "hearing" and permit the executive committee to take a broad range of actions. The bylaws are silent about the role of lawyers during the first phase; however, it is uncontradicted that the hospital does not permit lawyers for anyone to be present at any of the first

stage meetings during the investigative process. Any person dissatisfied with the executive committee's recommendations may appeal.

The second stage of the proceeding is much more formal than the first and involves a hearing before a medical review committee specifically chosen to hear the appeal. The bylaws require written notices at this stage. They also require the executive committee to provide the physician with "notice of the acts or omissions with which the affected practitioner is charged or a list of the chart numbers under question, if any, or the reasons for the action or recommendation." The parties are permitted to use "representatives," and these representatives may be lawyers if all parties desire counsel. The hearing procedure is also quite formal. The hospital must present its case first, the physician second, and both parties are permitted to present rebuttal proof. If the physician is the appealing party, he or she must prove by clear and convincing evidence that the action or the recommendation of the executive committee was arbitrary, unreasonable, or not supported by substantial evidence.

The third and final step of the process is an appeal to the governing body of the hospital. This review is based on the record of the prior proceedings, and the grounds for review include (1) the failure of the earlier proceedings to comply with the bylaws, (2) the failure to afford due process or a fair hearing, (3) that the recommendation was arbitrary, unreasonable, or capricious, (4) that the medical review committee's decision was contrary to the weight of the evidence, or (5) that any bylaw relied on by the medical review committee lacked substantive rationality.

**b. The Complaint and Subsequent Procedure**

Dr. Bryant's treatment of a particular patient became the subject of a complaint to UMC's administrator. Later, UMC's chief of staff discussed the incident with Dr. Bryant and asked him to attend a meeting of the hospital's executive committee to review the incident. He declined to attend voluntarily and later was served with a written notice of the meeting. He also received a copy of the patient's chart.

Prior to the meeting, Dr. Bryant wrote a lengthy, detailed letter to UMC's administrator presenting his side of the controversy. On the day of the meeting, Dr. Bryant insisted that the committee permit his lawyer to attend. The committee denied that request, and Dr. Bryant refused to attend without his lawyer. The committee met and took some action but the decision is not included in the record.

Shortly thereafter, Dr. Bryant filed suit against Tenet, Inc. seeking to enjoin the hospital from proceeding under its bylaws because the proceedings violated the due process provisions of the federal and state constitutions. He later amended his complaint to allege that Tenet was violating his contractual rights under the bylaws. The trial court determined that the hospital procedures did not violate the federal constitution but that they did violate Dr. Bryant's state constitutional and contractual rights. Accordingly, the trial court entered an order enjoining UMC from conducting any further disciplinary proceedings against Dr. Bryant until it (1) provides him with written notice of the complaint against him, (2) commences a new executive committee investigation, and (3) allows him to have an attorney present during all stages of the proceedings.

## II.

## The Constitutional Issues

We pass over the first issue in this analysis, the issue of whether Dr. Bryant has a property interest in his staff privileges at UMC. Although our Supreme Court in *Nashville Memorial Hospital, Inc. v. Binkley*, 534 S.W.2d 318 (Tenn. 1976) held that a doctor did not have a "right" to practice at a private hospital, for the purposes of this appeal we assume that Dr. Bryant does have such a right.

The next question, then, is whether Article I, § 8 of our Constitution requires private actors to conform to the requirements of due process before taking action with respect to that right. We conclude that it does not.

Article I, § 8 of the Tennessee Constitution provides as follows:

That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land.

In *State v. Hale*, 840 S.W.2d 307, 312 (Tenn. 1992), our Supreme Court said:

The phrase, 'the law of the land', used in this section of our State Constitution, and the phrase, 'due process of law,' used in the Fifth Amendment and in the first section of the Fourteenth Amendment to the Constitution of the United States, are synonymous phrases meaning one and the same thing.

*See also Burford v. State*, 845 S.W.2d 204 (Tenn. 1992); *State v. Smith*, 834 S.W.2d 915 (Tenn. 1992). Since "state action" is necessary to invoke the protection of the Fourteenth Amendment, *Long v. State*, 510 S.W.2d 83 (Tenn. Crim. App. 1974), we conclude that the same is true with respect to Article I, § 8.

We recognize that Article I, § 8 has been interpreted as prohibiting some state actions that would not violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution. *Compare North v. Russell*, 427 U.S. 328 (1976) and *State ex rel. Anglin v. Mitchell*, 596 S.W.2d 779 (Tenn.

1980). But, despite the differences in wording in the two constitutional provisions, the fundamental protection provided by each is protection from the government. *State v. Heer*, 412 S.W.2d 218, 220 Tenn. 36 (1967); *Ennis v. State*, 549 S.W.2d 380 (Tenn. Crim. App. 1977). We know of no case that applies the protection of Article I, § 8 to actions by individuals.

Dr. Bryant cites *Lyle v. Local 452*, 124 S.W.2d 701, 174 Tenn. 222 (1939) in support of his contention that Article I, § 8 does apply to private actions. In that case, our Supreme Court found that a union's picketing of the plaintiff's business was unlawful, a nuisance, and causing irreparable injury to the plaintiff's property rights. The court, accordingly, issued a permanent injunction to prohibit the picketing. The court did say, "we conclude therefore that complainant, as a result of the conduct of defendants, was deprived of his liberty and property, as guaranteed to him by the 5th and 14th Amendments to the Federal Constitution . . . and Article 1, Section 8, of the Constitution of Tennessee." 124 S.W.2d at 704. But, we read the quoted part of the court's opinion as a description of the right invaded by the defendants' unlawful action rather than a finding that the defendants' action was prohibited by the constitutional provisions cited. The court hardly needed a constitutional basis for the injunction since the common law remedies available for the prevention of irreparable harm were entirely adequate.

We are convinced that Article I, Section 8 of the Tennessee Constitution did not apply to the actions of UMC, a private corporation.

### III.

Dr. Bryant amended his complaint in the court below to assert a claim that Tenet, Inc. was violating his contractual rights under the hospital bylaws. We do not question the fact that the bylaws are part of Dr. Bryant's contract with the hospital.

*See Lewisburg Community Hosp. v. Alfredson*, 805 S.W.2d at 759 (Tenn. 1991). But the sections of the bylaws governing corrective actions do not give him the rights he seeks (formal written notice and the right to be represented by an attorney <u>at the investigative stage</u>.) His complaint on this issue reverts to his constitutional arguments; in effect he complains that the bylaws do not provide what due process requires. Since we have already resolved that issue adversely to Dr. Bryant, we think his complaint based on the bylaws must also fail.

The judgment of the court below is reversed and the complaint is dismissed. Remand the cause to the Chancery Court of Wilson County for any further necessary proceedings. Tax the costs on appeal to the appellee.


_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


DISSENTING OPINION:
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


| JOE BRYANT, M.D., | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | Appeal No. |
| | ) | 01-A-01-9703-CH-00132 |
| VS. | ) | |
| | ) | Wilson Chancery |
| | ) | No. 96332 |

TENET, INC., (NATIONAL MEDICAL       )
ENTERPRISES) d/b/a UNIVERSITY        )
MEDICAL CENTER,                      )        Reversed and
                                     )        Remanded
                   Defendant/Appellant.    )

# J U D G M E N T

This cause came on to be heard upon the record on appeal from the Chancery Court of Wilson County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that in the decree of the Chancellor there is reversible error.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the decree of the Chancellor be reversed. The cause is dismissed, remanded to the Chancery Court of Wilson County for any further proceedings necessary, and for the collection of the costs accrued below.

Costs of this appeal are taxed against Dr. Joe Bryant, for which execution may issue if necessary.

ENTER _____.


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE